TOXICATING LIQUORS—(1) Actions under 6212-15, 16 GC, averments, as to nature of possession—(2) Sections constitutional. Krusoczky v. State, O. Sup. 27 Abs. 499.

AND CONTRACT—(1) Finding of jury that defendant was unable to convey land, not manifestly against weight of evidence. Goodell v. Hanley, O. App. 27 Abs. 507.

MEDICAL BOARD—(1) Act, 109 OL. 105—Constitutionality of—(2) Right of appeal—(3) Applicants for license to practice—Class suit not authorized—(4) Actions against board—Jurisdiction of—11271 GC. Meeker et al v. Scudder et al, O. Sup. Sylb. 27 Abs. 499.

MORTGAGES—(1) Priorities of record controlling unless party can prove different priority of lien—(2) Circumstances showing the failure to establish priorities different from dates of record. Aston et al v. Weiss et al, O. App. 27 Abs. 504.

NEGLIGENCE—When passenger in automobile helps driver lookout for dangers, he is guilty of contributory negligence in failing to warn driver of danger which, by the exercise of ordinary care, he could have seen in time to prevent accident. Petrich v. Electric Co., O. App. 27 Abs. 504.

ORDINANCE—(1) Regulating speed of trains—not invalid, as to fines and penalties—(2) Constitutionality and reasonableness, question of law—Must be clear and manifest—(3) Verdict for damages for personal injury—Not set aside unless. T. C. & O. R. Co. v. Miller, O. Sup. Sylab. 27 Abs. 499.

PLEADINGS—(1) The power of court to make petition more definite and certain is discretionary. Shaffer v. Carr et al, O. App. 27 Abs. 507.

PRACTICE—(1) Improper for court to give supplementary instructions to jury in absence of counsel— (2) Instructions given in absense of counsel not prejudicial in every instance—SALES (3) Special damages. Sandusky Cement Co. v. Hamilton & Co., U. S. App. 27 Abs. 498.

PRACTICE—(1) Latitude of voir dire is largely discretionary with court—(2) Failure to permit counsel to question jurors regarding liability insurance— (3) No prejudicial error in excluding evidence showing lack of chains on automobiles, where it is not shown that car skidded—(4) Verdict not against weight of evidence—(5) Extended argument by counsel with court, not misconduct by court. Momenee v. Trupp, O. App. 27 Abs. 501.

PROMISSORY NOTES—(1) Endorser of guarantor absolved from liability where creditor participates in fraud in securing signature—.2) Verdict not manifestly against weight of evidence—(3) Note issued without consideration—(4) Degree of evidence necessary where the facts constituting fraud amount to criminal offense. State Sav. & Tr. Co. v. Grady et al, O. App. 27 Abs. 503.

SALES—(1) Setting aside of goods not necessary where buyer is to furnish receptacle—CHARGE of COURT —(2) No error for court to comment on perjury— PLEADINGS—(3) Dafendant not surprised by amended petition—(4) Verdict not manifestly against weight of evidence. Nicewander v. Scherer et al. O. App. 27 Abs. 502.

WILLS—(1) Finding the testator was sane, not against weight of evidence—(2) Opinion evidence of nonexpert witnesses, held admissible—(3) Validity of will where testator has no property at time will was made. Gilbert v. Durlist, O .App. 27 Abs. 507.

WORKMEN'S COMPENSATION—Independent contractors, not comprehended in Par. 3, Secs. 1465-61 GC., 108 OL. 316—not employes. Indus. Com. v. Everett, O. Sup. Sylb. 27 Abs. 499.

## SUPERIOR COURT OF CINCINNATI

### No. 530

### HAMILTON v. LEYMAN-BUICK CO.

Superior Court of Cincinnati
Decided June 8, 1923

This opinion has not been published except in Abstract.

SALES—(1) Verdict not manifestly against weight of evidence—(2) No prejudicial error where court only allows seller to recover reasonable value of automobile instead of "trade in" value.

MARX, J.:

### Epitomized Opinion

This was an action on a contract of sale. The evidence disclosed that the plaintiff had purchased a new car of defendant and had turned an old one in as partial payment. The evidence was in conflict as to the agreed valuation of the old car. After the automobile of the plaintiff had been in possession of the defendant for several months, a salesman employed by defendant sent to plaintiff a written contract stipulating that the defendant would take the automobile in trade for $900, provided the same was in good condition. The agreement previous to this, if any was oral, and the evidence was in conflict as to just what the understanding really was. The defendant also contended that the salesman had no authority to make the agreement in writing. The jury returned a verdict in favor of plaintiff for $992.20. The defendant filed a motion for a new trial. In overruling this motion, the court held:

1. It cannot be said as a matter of law that the verdict of the jury in favor of plaintiff's contention as to the terms of the agreement was manifestly against the weight of evidence.

2. As the trial court permitted the plaintiff to recover only the reasonable value of the old car at the time of its delivery and did not permit recovery of the agreed value, the defendant cannot complain that the "trade in value" was greater than the actual value of the automobile.

Attorneys—Buchwalter, Headley & Smith, for plaintiff; Ernst, Cassatt & Cottle, for defendant.